**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

SEACO, INCORPORATED; SIGNAL
MUTUAL INDEMNITY ASSOCIATION,
Petitioners,

v.

No. 96-2685

VERNON L. RAVENELL; DIRECTOR,
OFFICE OF WORKERS' COMPENSATION
PROGRAMS, UNITED STATES
DEPARTMENT OF LABOR,
Respondents.

On Petition for Review of an Order
of the Benefits Review Board.
(94-284)

Submitted: May 15, 1997

Decided: June 4, 1997

Before RUSSELL, HALL, and HAMILTON, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Stephen E. Darling, SINKLER & BOYD, P.A., Charleston, South
Carolina, for Petitioners. Carl H. Jacobson, URICCHIO, HOWE,
KRELL, JACOBSON, TOPOREK & THEOS, P.A., Charleston,
South Carolina, for Respondents.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Respondent Vernon Ravenell, a longshoreman, injured his shoulder at work. An Administrative Law Judge ("ALJ") awarded benefits, and Petitioners appealed to the Benefits Review Board ("the Board"). Since the Board failed to resolve the appeal (which had been pending for over one year) before September 12, 1996, the ALJ's decision was considered affirmed by the Board on that date for purposes of obtaining judicial review. See Omnibus Appropriations for 1996, Pub. L. No. 104-134, § 101(d), 110 Stat. 1321-219 (Apr. 26, 1996). In their timely petition for review in this court, Petitioners challenge whether substantial evidence supported the ALJ's determination that Ravenell could not return to longshore work and his calculation of permanent partial disability benefits. Because substantial evidence supported the ALJ's decision, we affirm.

The record discloses that Ravenell's treating physician expressly disapproved of a longshore position identified by Petitioners' vocational expert. The doctor also restricted Ravenell to lifting less than fifty pounds and from working over his head, both of which are required for longshore work. In addition, there was evidence that Ravenell did not feel he could perform longshore work. Petitioners presented no evidence in rebuttal. Therefore, we find substantial evidence supported the ALJ's conclusion that Ravenell could not return to longshore work.

We further find that there was substantial evidence to support the ALJ's calculation of permanent partial disability benefits. Earnings statements presented by Ravenell showed that he earned approximately $7.00 per hour prior to his injury. While Petitioners are correct in their claim that Ravenell stated that he thought he would make more annually after the injury than he did before, this was only a guess since he had not yet received any W-2 forms for the year in

2

question. Nevertheless, we find that the ALJ properly determined that recovery was based on capacity to earn; not actual earnings. <u>See Newport News Shipbuilding & Dry Dock Co. v. Tann</u>, 841 F.2d 540, 543 (4th Cir. 1988). Petitioners' expert presented evidence of a variety of jobs Ravenell could perform within his doctor's restrictions. These jobs had a wide salary range, and we find that the ALJ's determination that Ravenell's earning capacity was $5.75 per hour fell within this range.

Accordingly, we affirm the ALJ's order and the summary affirmance of the Board. We dispense with oral argument because the facts and legal contentions are adequately presented in the material before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

3